IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CIRCLE FOUR FARMS, LLC., et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br><br>MORDECHAI ORIAN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:07-CV-320 |

This matter comes before the Court on Defendants Global Horizons' ("Global Horizons") and Mordechai Orian's ("Orian") Motion to Dismiss the First Amended Complaint.[1]  Plaintiffs in this case are Circle Four Farms, LLC ("Circle Four") and Central Plains Farms ("Central Plains").  For the reasons discussed below, the Motion to Dismiss will be denied.

### I.  Background Facts

Plaintiffs Circle Four and Central Plains run hog production farms in Utah and Colorado. In order to staff their hog farms, they contracted with Global Horizons for seasonal workers. Global Horizons provides foreign workers, taking care of the appropriate labor certification and visa requirements, and brings workers to the United States through the H-2B visa program.  This

_____

[1]Docket No. 25.

program allows workers to work in the United States on a temporary basis.

Plaintiffs entered into written contracts with Defendant Global Horizons in the fall of 2005.  Plaintiffs understood that the workers and supervisors would be "employed, transported, housed, paid, trained and supervised by Global Horizons[.]"[2]  Global Horizons provided workers for both hog operations beginning in November 2005 and continuing through May 2007.  The most recent written agreements between Plaintiffs and Global Horizons expired in May 2006, however, parties had orally agreed to continue their arrangements based on the same terms and conditions while negotiating a new written contract.

In February 2007, Plaintiffs heard rumors that Global Horizons had not paid some of the workers' wages.  Plaintiffs contacted Global Horizons and was assured that all its employees had been timely paid and that Global Horizons would continue to do so.  On April 18, 2007, nineteen Global Horizons employees did not show up for work at the Utah Farm because they had not been paid by Global Horizons.  Circle Four immediately notified Global Horizons that Global Horizons was in breach of the parties' agreement and requested information regarding this situation.  Global Horizons did not and has not provided that information.

On May 4, 2007, Circle Four received a letter from Hanz K. Grunauer, a Wage Hour Investigator at the United States Department of Labor ("DOL"), indicating that he would be visiting Circle Four's offices on May 8, 2007 to investigate Circle Four's compliance with the Fair Labor Standards Act.  This, along with the employees' failure to report to work, prompted the Plaintiffs to investigate whether Global Horizons had complied with their obligations under the agreements with Plaintiff.

---

[2]Cmplt. at ¶ 14 (Docket No. 5).

Plaintiffs learned that on July 27, 2006, the DOL had debarred Orian and Global Horizons for three years.  Neither Orian or Global Horizons could obtain new H-2A temporary labor certifications during that time.  Orian's and Global Horizons' request for a hearing to appeal that decision was denied.  The DOL's determination became final on November 30, 2006. An emergency stay of the November 30th Order was also denied.

Plaintiffs had timely paid all invoices received from Global Horizons, with the exception of the final invoice for the last week of work by the Global Horizons employees at the Utah Farm and the Colorado Farm.  Plaintiffs learned that Global Horizons had failed to pay the Thai Defendants for at least seven weeks worth of work.  Plaintiffs also learned that Global Horizons claimed that Plaintiffs had not paid their invoices and, therefore, Global Horizons could not pay the Thai Defendants.  Plaintiffs then filed this suit.

## II.  Procedural History

Plaintiffs filed a Complaint on May 15, 2007.[3]  The following day, they filed a Motion to Deposit Funds.[4]  The funds were the amount due on the final invoice that Plaintiffs admit they did not pay Defendants.  On May 23, 2007, Plaintiffs filed an Amended Complaint,[5] requesting interpleader relief, and alleging (1) breach of contract; (2) fraud and fraudulent inducement; and (3) negligent misrepresentation.  On June 21, 2007, this Court granted the motion for interpleader relief and granted permission for Plaintiffs to deposit the funds for the final invoice.[6]  The Thai

---

[3]Docket No. 1

[4]Docket No. 3.

[5]Docket No. 5.

[6]Docket No. 18.

3

Defendants filed an Answer and Counterclaim against the Plaintiffs on July 9. 2007.[7]  Their

counterclaim assert violations of the FLSA and breach of contract.  On July 20, 2007, Defendants

filed a Motion to Dismiss.[8]  This Motion is fully briefed.

III.  Discussion

Defendants' Motion to Dismiss is based on two grounds: (1) improper interpleader

action, and (2) Plaintiffs' failure to allege facts that support the claims asserted.  Each is

discussed in turn.

A.      Interpleader

The Court granted Plaintiffs' Motion for Interpleader Relief on June 21, 2007.[9]

Defendants did not file a Motion for Reconsideration of that decision but rather chose to address

the issue further in its Motion to Dismiss.

The Tenth Circuit observed

> that the Federal Rules of Civil Procedure do not recognize that creature known all
> too well as the 'motion to reconsider' or 'motion for reconsideration.' Of course, a
> district court always has the inherent power to reconsider its interlocutory rulings,
> and we encourage a court to do so where error is apparent.[10]

In this case, the Court finds that its previous ruling on interpleader relief was not in error.  Thus,

the June 21, 2007 ruling will not be reconsidered in the Motion to Dismiss.

---

[7]Docket No. 21.

[8]Docket No. 25.

[9]Docket No. 18.

[10]*Warren v. American Bankers Ins. of FL*, --- F.3d ---, 2007 WL 3151884, *3 (10th. Cir.
2007).

B.      Failure to State a Claim for Which Relief Can Be Granted

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[11]   Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[12]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[13]  But, the court "need not accept conclusory allegations without supporting factual averments."[14]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[15]

As a preliminary matter, the Court finds that the choice-of-law provision contained within the agreement dictates that California law is the applicable law in this case.  In any event, the relevant law from either California, Utah or Colorado is so similar that the analysis is the same.

1.  *Breach of Contract*

Defendants argue that Plaintiffs fail to state a cause of action for breach of contract

---

[11]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[12]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[13]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

because Defendants performed all the material provisions of their contract.  In addition, Plaintiffs caused any breach by preventing the workers from working the final week under the agreement. Plaintiffs argue that Defendants breached their agreements because Defendants did not comply with federal and state laws regarding visas for the workers and by failing to timely pay the workers.  Defendants admit they did not timely pay.  Plaintiffs further argue that they were forced to prohibit the workers from working during that final week because Defendant had already breached by failing to comply with state and federal law regarding labor certification for the workers.

The Court finds that Plaintiffs have sufficiently stated a claim for which relief may be granted because there may have been a breach of the contract when Defendants failed to pay the workers.  Indeed, Defendants do not dispute a breach, arguing instead that it was not material. Whether that breach was material or not is not necessary to decide in this motion to dismiss.

2.  *Fraud and Fraudulent Inducement*

Rule 9(b) of the Federal Rules of Procedure require that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Defendants argue that Plaintiffs failed to plead with particularity specific statements and to note why they were misleading.  Plaintiffs contend that their allegations of representations by the Defendants regarding payment of the workers and current and future compliance with federal and state laws were fraudulent.

The Court notes that Defendants now admit late and incomplete payment to the workers. The Court finds that the Complaint recites, with sufficient particularity, actions on the part of the Defendant that Plaintiff asserts were fraudulent.  Defendant is afforded an opportunity to respond and defend himself regarding payment of the workers and compliance with federal and local law.

6

Defendant asserts that losing its license is not an intentional or deceitful act,[16] however, Plaintiffs' claim for fraud rests not on the loss of Defendants' license but rather the representations the Defendant made regarding compliance with the law and Global Horizons' ability to continue to perform the contract.  The Court finds that Plaintiffs stated, with sufficient particularity, adequate facts and circumstances to allow a claim for fraud or fraudulent inducement.

### 3.  *Negligent Misrepresentation*

All parties recite largely the same arguments here as for the fraud cause of action.  For the same reasons outlined above, the Court finds that Plaintiff recited sufficient facts to allow a claim for negligent representation.

### 4.  *Mordechai Orian as a Defendant*

Defendants argue that Mordechai Orian is improperly named as a defendant because he acted in his capacity as president of Global Horizons when he signed the contract between Global Horizons and Plaintiffs, that he is not personally liable for his actions and that piercing the corporate veil is inappropriate in this case.

Plaintiffs argue that under California law, Orian is properly joined as a defendant because he either directed, actively participated in, or cooperated in the fraudulent and/or negligent conduct against Plaintiffs.

Under California law, in order "[t]o maintain a tort claim against a director in his or her personal capacity, a plaintiff must first show that the director specifically authorized, directed or

---

[16]Mem. in Supp. of Mot. to Dismiss  at 11 (Docket No. 26).

participated in the allegedly tortious conduct."[17]

Plaintiffs' Complaint states that Orian made representations to Plaintiffs regarding licensing and compliance with federal and state laws.  The Court finds that the Plaintiffs have recited adequate facts in order to state a claim upon with relief may be granted.  The Court also finds that, under California law, Orian is properly joined as a defendant and could be found liable without piercing the corporate veil.

## IV.  Conclusion

For the reasons outlined above, Defendants' Motion to Dismiss is denied.  Plaintiffs' Amended Complaint provides enough facts to state claims for which relief could be granted.  The Court's ruling on interpleader will stand and the Thai Defendants will be allowed to pursue their counterclaim against Plaintiffs for the wages owed.  In addition, Orian is properly named as a defendant and the tort claims against him will not be dismissed.  It is therefore

ORDERED that Defendants' Motion to Dismiss the First Amended Complaint (Docket No. 25) is DENIED.

DATED   November 14, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17]*Frances T. v. Village Green Owners Ass'n.*, 723 P.2d 573, 583-4 (Cal. 1986).

8